IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Marlin Jamelle Hutley, | ) Civil Action No. 9:17-2962-TMC |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| Warden, Lieber Correctional Institution, | ) |
| Respondent. | ) |

Petitioner, Marlin Jamelle Hutley ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 9) be granted. (ECF No. 17). The parties were advised of their right to file objections to the Report. (ECF No. 17 at 8). Petitioner timely filed objections on June 15, 2018. (ECF No. 22). On June 25, 2018, Respondent filed a response. (ECF No. 23).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

1

## I. Background

The magistrate judge set forth the background and procedural history in her Report. (ECF No. 17 at 1–4). Briefly, the case stems from a traffic stop which resulted in Petitioner's arrest. (ECF Nos. 1 at 5 and 10 at 13–14). Drugs were found in Petitioner's car incident to his arrest and he was indicted for trafficking cocaine and possession with intent to distribute cocaine. (ECF No. 17 at 1).

On October 10, 2011, Petitioner was convicted as charged after a bench trial and sentenced to twenty-five years incarceration for trafficking crack-cocaine and fifteen years incarceration for possession with intent to distribute cocaine with the sentences to run concurrent. (ECF No. 17 at 2).[1]

Petitioner filed a direct appeal and the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on June 26, 2013. *Id*. The remittitur was issued by the Court of Appeals on July 17, 2013, and entered by the trial court on August 1, 2013. *Id*. Petitioner filed an application for post-conviction relief ("PCR") on December 30, 2013. *Id*. After a hearing, the PCR court denied Petitioner relief in an order filed December 8, 2014. *Id*. at 3. Petitioner filed a timely appeal of the denial of his PCR application. *Id*. On October 20, 2016, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. *Id*. The remittitur was issued November 7, 2016, and filed on November 18, 2016. *Id*. Petitioner filed this habeas corpus petition on November 1, 2017, raising two grounds for relief:

**Ground One:** Ineffective Assistance of counsel.

**Ground Two:** Petitioner was denied due process when trial court relied on legal precedent that was over-turned.

---

[1] Petitioner was represented by trial counsel Scott Robinson. (ECF No. 17 at 2).

*Id* at 3-4. In his Report, the magistrate judge found that Petitioner's petition is subject to dismissal because Petitioner failed to file his application for writ of habeas corpus in federal court within one year following the exhaustion of his state court remedies. *Id* at 4-7.

## II. Discussion

In his objections, Petitioner acknowledges that the history of the post-conviction proceedings is largely "not disputed," and that Petitioner's "petition may have been untimely." (ECF No. 22 at 1, 3). However, he contends that the court should issue an order rejecting the Report and enable his petition to proceed forward because exceptional circumstances exist warranting equitable tolling of the limitations period. *Id* at 3. Petitioner failed to raise the issue of equitable tolling prior to his objections. In fact, the magistrate judge noted in his Report, "Petitioner does not present any argument for equitable tolling." (ECF No. 17 at 7 n.8). However, the court will consider Petitioner's argument.

A petitioner seeking to invoke equitable tolling must establish that: (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 247 (4th Cir. 2003). The Fourth Circuit has cautioned that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Also important is the settled principle that a petitioner's own lack of diligence in pursuing his federal remedy may preclude the application of equitable tolling. *See Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001). Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Harris,* 209 F.3d at 330–32. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for

3

equitable tolling." *Id.; see also Jones v. South Carolina,* 2006 WL 1876543, (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.")

Petitioner alleges that the history of his underlying case warrants a finding of exceptional circumstances because he has been incarcerated in the South Carolina Department of Corrections (SCDC) with limited resources and limited access to legal materials. According to Petitioner, he mistakenly believed that no period of time had expired during the state court process, which would have provided him additional time to secure counsel and file the instant petition. *Id*. at 3-4. Petitioner further argues that he delayed filing his petition in hopes of being able to retain counsel and, after some delay, was able to secure present counsel the night before filing the instant petition. *Id*. at 5. He asserts that throughout the entirety of his state PCR proceedings, he acted promptly and diligently in seeking relief. *Id*.

However, misapprehension of the law does not qualify as exceptional circumstances. *See Harris*, 209 F.3d at 330-31 (ruling that an innocent misreading of the AEDPA limitations period is an insufficient basis for equitable tolling). *See also Thompson v. Nohe*, C.A. No. 2:10-cv-1067, 2011 WL 1343348 (S.D. W.Va. April 8, 2011) ([B]ecause there is no constitutional right to counsel in post-conviction proceedings, the petitioner's lack of advice from counsel as to how the limitations period worked is an insufficient basis for equitable tolling.") (internal citation omitted). Nor does difficulty finding and retaining counsel. *See Rouse*, 339 F.3d at 250 (noting the lack of constitutional right to counsel in federal habeas proceedings). Finally, as noted above, Petitioner's incarceration, as described, fails to qualify as exceptional circumstances. *See Cannon v. Bazzle,* No. 9:05–0753, 2005 WL 2838116 (D.S.C. Sept. 30, 2005) (finding that the

petitioner's bare allegations that he was denied access to adequate legal resources were not sufficient, standing alone, to entitle him to equitable tolling); *Corrigan v. Barbery,* 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances."). Accordingly, Petitioner fails to show grounds for equitable tolling and his objection is overruled.

As a second argument, Petitioner, citing *Schlup v. Delo*, 513 U.S. 298, 316 (1995), asserts that when an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the court may consider the petition on the merits. (ECF No. 22 at 4). Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence]— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324.

The Supreme Court, however, has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*citing Schlup*, 513 U.S. at 329); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

As noted above, to demonstrate actual innocence, a petitioner must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. That evidence must demonstrate the " 'conviction of one who is actually innocent.' " *Id.* at 327 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Thus, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moreover, a petitioner must show factual innocence and not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Finally, new reliable evidence of innocence is a "rarity," *Calderon v. Thompson*, 523 U.S. 538, 559 (1998), and the quality of evidence necessary to support a claim of actual innocence "is obviously unavailable in the vast majority of cases," *Schlup*, 513 U.S. at 324. Petitioner's claim of actual innocence does not approach the standard necessary to overcome the statute of limitations bar, as described in *McQuiggin* and *Schlup*.

Petitioner does not appear to allege actual innocence of the underlying crime. Rather, Petitioner argues that a change in South Carolina state law could have enabled him to successfully challenge his Fourth Amendment right against illegal search and seizure in the trial court. He asserts that because the trial court relied on legal precedent that has since been overturned, his trial was not free from non-harmful constitutional error.

However, as Respondent states in his response, there was no change in state law applicable to Petitioner's case. (ECF No. 23 at 3). The case referred to by Petitioner is *State v. Snowden*, 638 S.E.2d 91 (S.C. Ct. App. 2006), which was later distinguished by *State v. Hewins*, 760 S.E.2d 814 (S.C. 2014), because of factual differences. The fact that *Snowden* was later distinguished by *Hewins* does not invalidate *Snowden* or bear on Petitioner's case, and certainly does not permit Petitioner to meet the actual innocence standard articulated by *McQuiggin* and

*Schlup*.[2]  Petitioner has failed to point to the existence of any evidence of actual innocence of the type sufficient to entitle him to equitable tolling of the statute of limitations. Accordingly, Petitioner's objection fails.

### III. Conclusion

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 17) and incorporates it herein. Accordingly, Respondent's motion for summary judgment (ECF No. 9) is **GRANTED** and Petitioner's habeas petition is **DISMISSED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 5, 2018
Anderson, South Carolina

---

[2] The court notes that the PCR court addressed the *Snowdon* and *Hewins* cases in the context of Petitioner's ineffective assistance of counsel claim and determined that the facts of this underlying case are more analogous to *Snowdon* than *Hewins* and that Petitioner's argument that the trial court's ruling should have been controlled by *Hewins*, which was decided nearly three years after Petitioner's trial, is without merit. (ECF No. 10-1 at 173-175).